UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LEANNE F.,

                          Plaintiff,

v.                                             CASE # 14-cv-00849

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.

_____

APPEARANCES:                               OF COUNSEL:

LEWIS L. SCHWARTZ, PLLC             LEWIS L. SCHWARTZ, ESQ.
  Counsel for Plaintiff
1231 Delaware Avenue
Suite 103
Buffalo, NY 14209

U.S. SOCIAL SECURITY ADMIN.         ANDREEA LECHLEITNER, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

### MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **GRANTED**, the defendant's motion for judgment on the administrative record is **DENIED,** and the decision of the Commissioner is **REMANDED**.

I.      RELEVANT BACKGROUND

A.      Factual Background

Plaintiff was born on December 22, 1984, and has at least a high school education. (Tr. 217, 243). Plaintiff alleged disability based on back problems, depression, learning disabilities, and breathing problems. (Tr. 242). Her alleged onset date of disability is March 1, 2010, and her date last insured was December 31, 2014. (Tr. 90).

B.      Procedural History

On February 18, 2011, plaintiff protectively applied for a period of Disability Insurance Benefits (SSD) under Title II of the Social Security Act. (Tr. 217). On February 25, 2011, plaintiff applied for a period of Supplemental Security Income Benefits under Title XVI of the Social Security Act. (Tr. 109-10, 182-91). Plaintiff's applications were initially denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On October 29, 2012, a hearing took place before ALJ Donald McDougall, however the plaintiff failed to appear. (Tr. 45-51). ALJ McDougall found good cause on the record for the plaintiff's absence. (Tr. 48). Plaintiff, her attorney, and a vocational expert appeared at a hearing on March 4, 2013. (Tr. 52-82). On April 2, 2013, ALJ McDougall issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 9-28). On September 9, 2014, the Appeals Council (AC) denied plaintiff's request for review. (Tr. 1-4). Thereafter, plaintiff timely filed suit at the United States District Court for the Western District of New York on October 15, 2014.

On March 18, 2015, the Commissioner agreed to voluntarily remand the claim, under sentence six of section 205(g) of the Act[1], for consideration of new evidence. (Tr. 566). The AC

---

[1] 42 U.S.C. § 405(g) Under sentence six, the court retains jurisdiction of a remanded case and does not enter judgment until after post-remand agency proceedings are completed. Because a sentence six remand is considered an interlocutory, the action is generally not appealable. When the administrative action is complete after remand, the claimant is not required to file a new civil action to obtain judicial review. Rather, either the claimant or the Office of

issued the remand order on December 20, 2015. (Tr. 567-72). A third hearing was held on August

1, 2016, before ALJ Sharon Seeley (Tr. 502-41). On January 11, 2017, ALJ Seeley issued another

decision finding plaintiff not disabled under the Social Security Act. (Tr. 84-102). Under sentence

six the plaintiff was unable to file a new lawsuit and had to wait until the Commissioner's action.

The Commissioner did not file the administrative record and transcript with this Court until April

14, 2020. (Dkt. Nos. 8, 9).

Plaintiff had also filed a subsequent, new application on October 15, 2014, for both Title

II and Title XVI benefits. (Tr. 573, 587, 708-20). This subsequent claim was denied on January 8,

2015. (Tr. 665-80). On January 12, 2015, plaintiff filed a timely written request for hearing on that

claim. (Tr. 681-83). The AC consolidated the initial claim and the subsequent 2014 claim, and

both were adjudicated as a single claim at the August 2016 hearing. (Tr. 570)

### C.      The ALJ's Decision

Generally, in her 2017 decision, the ALJ made the following findings of fact and

conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.

2. The claimant has not engaged in substantial gainful during since March 1, 2010 the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et. seq.*).

3. The claimant has the following severe impairments: major depressive disorder; generalized anxiety disorder; substance abuse disorder; migraines; asthma; and obesity (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

---

the General Counsel (OGC) will advise the court that the remand proceedings are finished and will file a motion to reopen or re-docket the case.

5.  After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can frequently stoop, kneel, crouch and crawl and can have occasional exposure to smoke, fumes or other pulmonary irritants. The claimant can perform unskilled work that would allow her to be off task for an average of five minutes per hour in addition to customary work breaks. She can make simple, routine work related decisions and can work in an environment that does not require working at production rate pace or adapting to more than minimal changes in work routines, processes or settings. She can have occasional interaction with supervisors, coworkers, and the general public.

6.  The claimant has no past relevant work (20 CFR 404.1565 and 416.965).

7.  The claimant was born on December 22, 1984 and was 25 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 FCR 404.1563 and 416.963).

8.  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.  Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from March 1, 2010, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 84-101).

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff primarily argues that the ALJ's RFC finding was not based on substantial evidence with regard to off-task limitations. (Dkt. No. 12 at 14 [Plaintiff's Mem. of Law]).

### B.   Defendant's Arguments

In response, defendant asserts substantial evidence supports the ALJ's RFC finding and evaluation of medical opinions. (Dkt. No. 16 at 6, 10 [Defendant's Mem. of Law]).

### III.     RELEVANT LEGAL STANDARD

#### A.       Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's

independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*,

805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's

determination considerable deference, and may not substitute "its own judgment for that of the

[Commissioner], even if it might justifiably have reached a different result upon a de novo review."

*Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.    Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an

individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme

Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482

U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2)
> whether the claimant has a severe impairment or combination of impairments; (3)
> whether the impairment meets or equals the severity of the specified impairments
> in the Listing of Impairments; (4) based on a 'residual functional capacity'
> assessment, whether the claimant can perform any of his or her past relevant work
> despite the impairment; and (5) whether there are significant numbers of jobs in the
> national economy that the claimant can perform given the claimant's residual
> functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.    ANALYSIS

Plaintiff asserts that the ALJ's off-task time limitation is not based on substantial evidence.

In addition to unskilled and simple, routine work, ALJ Seeley found plaintiff would be off task for

an average of five minutes per hour in addition to customary work breaks. (Tr. 93). Precedent case

law in this Circuit demonstrates that the ALJ must explain how an off-task limitation was reached.

A very specific RFC assessment, such as the specific amount of time a claimant can spend on

certain activities, must be based on evidence in the record, not on "the ALJ's own surmise."

*Cosnyka v. Colvin*, 576 Fed. App'x 43, 46 (2d Cir. 2014) (summary order) (remanding where ALJ "translated" medical evidence suggesting that the claimant would be off task "for ten percent of the workday" into a determination that the claimant would be off task "six minutes out of every hour" because "[t]here [was] no evidence in the record to the effect that [the claimant] would be able to perform sedentary work if he could take a six-minute break every hour, rather than some other duration and frequency amounting to ten percent of the workday"); *Wouters v. Comm'r of Soc. Sec.*, No. 19-cv-610-FPG, 2020 WL 2213896, at \*2 (W.D.N.Y. May 7, 2020) (quoting *Cosnyka*, 576 F. App'x at 46 ("Specific RFC assessments, like percentage of time off-task, must be based on evidence in the record, not on an 'ALJ's own surmise.' ")).

In making this RFC determination, the ALJ succinctly considered plaintiff's medical history and the opinions of multiple medical providers. However, the ALJ's specific finding that plaintiff would be off task five minutes every hour is not rooted in any particular medical evidence or opinion. *See June S. v. Comm'r of Soc. Sec.*, No. 19-cv-1514-FPG, 2020 WL 7137041, at \*3 (W.D.N.Y. Dec. 7, 2020) (finding the ALJ's 10% off-task limitation unsupported by the record where the finding was not rooted in any medical evidence nor did the ALJ attempt to tie any evidence to the specific conclusion); *see also Milliken v. Berryhill*, No. 1:16-CV-00297 EAW, 2017 WL 3208635, at \*17 (W.D.N.Y. July 28, 2017) (case remanded where the ALJ determined that plaintiff would need half hour breaks over the course of an eight hour work day to complete tasks but failed to point to anything in the record to support the determination that such a duration would permit plaintiff to work).

Indeed, the ALJ does not point to any evidence, medical or otherwise, in support of the off-task finding, nor does the ALJ attempt to tie any evidence of record to this specific conclusion. After discussing plaintiff's mental health treatment, the ALJ summarily stated the effects of

medication and mental status examinations suggest the ability to perform unskilled work that would allow her to be off task for an average of five minutes per hour. (Tr. 10). In the discussion of medical opinion evidence, as it pertained to mental impairments, the ALJ accorded great weight to Dr. Gupta's opinion that the plaintiff had moderate difficulties in concentration, persistence or pace. (Tr. 97). There are no specific times opined by Dr. Gupta, or any other mental treating or non-examining provider, for the amount of time plaintiff would be off task.

Regarding physical impairments, specifically headaches, plaintiff's treating neurologist Dr. Kang even concluded it was unknown how often headaches would occur and cause her to be off task, which the ALJ gave somewhat greater weight. (Tr. 99, 915). Despite reiterating Dr. Kang's opinion that "it is impossible to say how often a migraine will occur or how much time she will be off task if one does occur," ALJ Seeley does not offer any explanation or analysis of whether this impairment or opinion was accounted for in the RFC's off task five minutes every hour limitation. (Tr. 99-100).

In response to plaintiff's claim that the off-task time is not supported by the evidence in the record, defendant argues that it is plaintiff's burden to demonstrate that she has greater limitations than those opined by the ALJ. (Dkt. No. 16). However, in arguing that plaintiff has failed to meet her burden to support a greater disability finding, defendant ignores the fact that there is no evidence which supports the ALJ's off-task time finding in the first place. *See id.* Ap=mple case law holds that such a specific RFC limitation must be supported by a clear medical opinion in order to be deemed proper. *See Annis v. Comm'r of Soc. Sec.*, No. 18-CV-1276, 2019 WL 6875231, at \*10-11 (W.D.N.Y. Dec. 17, 2019) (finding the ALJ's determination that plaintiff would be off task five percent of the workday lacked sufficient support where the only medical opinion providing a specific time limitation stated that plaintiff would be off task at least 30% of the

workday). If the ALJ believed that an off-task determination was necessary and no such opinion was provided in the record, she should have obtained a medical opinion supporting such a limitation. *See Brianna E. v. Comm'r of Soc. Sec.*, No. 20-CV-00156-FPG, 2021 WL 2182716, at *3 (W.D.N.Y. May 28, 2021) *citing Cheek v. Comm'r of Soc. Sec.*, No. 1:18-CV-01455 EAW, 2020 WL 2028258, at *5 (W.D.N.Y. Apr. 28, 2020)).

Defendant further attempts to distinguish the Second Circuit's holding in *Cosnyka v. Colvin*, 576 F. App'x 43 (2d Cir. 2014), requiring a specific opinion for such a limitation finding from the circumstances presented here by noting that case law also supports assigning a particular percentage off task time determination without a specific medical opinion where the evidence supports the limitation. *See* Dkt. No. 16 at 6-7 (citing *Johnson v. Colvin*, 669 F. App'x 44, 47 (2d Cir. 2016) (summary order)). However, in those circumstances where courts have affirmed an ALJ's specific RFC finding despite the lack of a specific medical opinion, there was clear evidence supporting the limitation on which the ALJ relied. For example, in *Johnson v. Colvin*, 669 F. App'x 44 (2d Cir. 2016), the ALJ determined that plaintiff could perform work "slightly slower than average pace, i.e. no more than 10% slower than average." *Id.* at 47. In support, the ALJ relied on various medical evidence including opinions that plaintiff had minimal to no limit in the ability to understand directions, perform tasks, and maintain attention and concentration, in conjunction with the opinion of a provider that plaintiff's physical problems may interfere with his ability to maintain a regular schedule. *Id.* There is no such evidence here. Indeed, other than noting medical opinions of only moderate limitations in maintaining concentration, persistence, and pace or no limitations maintaining a regular schedule, the defendant cannot identify anything in the record that suggests how much time plaintiff would be off task in a work setting due to her mental impairments and headaches. (Dkt. No. 16 at 8-10).

The ALJ's RFC assessment is not harmless error, because the vocational expert (VE) relied on the off-task time in concluding that plaintiff was not disabled. (Tr. 536). Plaintiff's attorney asked the VE what percentage of time a person is permitted to be off task before they would be unable to perform the jobs identified or other jobs at the unskilled level. The VE specifically testified that if a person was off-task 15% of the day, they would be precluded from working in the cited jobs and in other occupations 10% off task would preclude work. (Tr. 539-40). Yet the ALJ relied on the VE's testimony and the unsupported five minutes every hour (or the equivalent of 8⅓ %) off task time determination in concluding that plaintiff was not disabled. In other words, if plaintiff will be off task more than 10% of the workday, she may be considered disabled. This case is therefore remanded to the Commissioner to reevaluate plaintiff's RFC and, if necessary, further develop the record to determine precisely how much of the workday plaintiff would be off task. *See Cosnyka*, 576 F. App'x at 46 (remanding where there was no basis for a particular off-task determination).

Furthermore, the Court notes that the AC previously directed the ALJ to provide substantial evidence with citations to medical evidence for all of the assessed limitations (Tr. 570). In addition, if there was any conflicting evidence or if there was an opinion that needed clarification, the AC ordered the ALJ to re-contact the medical sources to resolve that conflict or provide clarification (Tr. 570).

Remand solely for the calculation of benefits is not warranted. Although there was a delay in the processing of her case, remand is the appropriate remedy to determine plaintiff's limitations based on the medical evidence, opinions or other substantial evidence in the record.

ACCORDINGLY, it is

ORDERED that plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **GRANTED**; and it is further

ORDERED that defendant's motion for judgment on the pleadings (Dkt. No. 16) is **DENIED**; and it is further

ORDERED that this matter is **REMANDED** pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: January 21, 2022
Rochester, New York

_J. Gregory Wehrman_
HON. J. Gregory Wehrman
United States Magistrate Judge